IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI SOUTHEASTERN DIVISION

| | |
|---|---|
| MARCUS L. CHARLESTON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:19 CV 90 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Marcus L. Charleston, a person in federal custody. On August 16, 2017, Charleston plead guilty before this Court to the offense of Felon in Possession of a Firearm, Possession of a Controlled Substance and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On November 9, 2017, this Court sentenced Charleston to the Bureau of Prisons for a term of 120 months. Charleston's § 2255 motion, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

**FACTS**

**A. The Indictment.**

On April 20, 2017, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a three-count Indictment against Marcus L. Charleston. Count I of the Indictment charged that on December 1, 2016, Charleston was a Convicted Felon in Possessionof a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

1

Count II of the Indictment charged that Charleston Possessed a Controlled Substance of more than 50 Grams of Methamphetamine with the Intent to Distribute in violation of Title 21, United States Code, Section 841(a)(1). Count III of the Indictment charged that Charleston Possessed a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A). On April 25, 2017, Charleston made his initial appearance on the federal charges. After the initial appearance, Federal Public Defender Scott F. Tilsen was appointed to represent Charleston. Charleston was arraigned on April 28, 2017. At that arraignment, Charleston pled not guilty to the charges.

**B.  Pretrial Motions.**

On July 19, 2017, Charleston's attorney appeared before United States Magistrate Judge Abbie Crites-Leoni and formally waived his right to file pretrial motions. In that Waiver, Charleston's attorney represented that his client did not want to file any pretrial motions. His case was set for trial August, 8, 2017.

**C.  Plea Agreement**

The parties signed a written plea agreement that set out the terms and conditions of Charleston's guilty plea to the charges. The Plea Agreement sets out the parties' bargain and understandings as to the disposition of the case.

Charleston agreed to plead guilty to Count I (Felon in Possession of a Firearm), Count II (Possession of a Controlled Substance with the Intent to Distribute), and Count III (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). The Government agreed that, in exchange for Charleston's guilty plea to the charges, the

Government would recommend the mandatory minimum as laid out in the sentencing guideline calculations.

Charleston and the Government agreed to a statement of facts for his offense conduct that was set out in the Plea Agreement. The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

> On December 1, 2016, Marcus Charleston had been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year. On December 15, 2003, Charleston was convicted of the felonies of Delivery of Marijuana and Delivery of Cocaine in Ashley County, Arkansas, in Case Number 2003-181-1.
>
> On December 1, 2016, law enforcement officers served a federal search warrant at the part-time residence of Marcus Charleston at 410 Liberty Street, Steele, Missouri. The home was also the residence of Charleston's girlfriend, Haley Middleton, and her children. Officers entered the home and found a baggie on the coffee table in the living room. The baggie contained 24.21 grams of mixture or substance containing methamphetamine. A digital scale was found on the same table. Officers found another baggie inside a potato chip bag in the kitchen that contained 51.77 grams of a mixture or substance containing methamphetamine.
>
> Other officers searched Charleston's bedroom and found a Poland, 9 mm caliber pistol, bearing serial number ES10837 in a dresser drawer. The pistol was in a black zipper case. Officers also found Charleston's wallet, clothing and other items personal to him were seized by the officers.
>
> Middleton was interviewed by the officers at the Steele, Missouri, police department. She told officers that the pistol belonged to Charleston and that she knew Charleston was selling methamphetamine. She had been seen methamphetamine residue in her home when Charleston was there.
>
> By this plea, Charleston admits that the methamphetamine seized by the officers during the search at 410 Liberty Street in Steele, Missouri, belonged to him.

>Charleston admits that he knew the substances seized by the officers contained methamphetamine and that he intended to distribute part or all of it to other persons. Charleston admits that he was in possession of the Poland pistol found by the officers.
>
>The Poland pistol was manufactured by the country of Poland in Poland and affected both interstate and foreign commerce. The pistol is a "firearm" as that
>
>term is defined in Title 18, United States Code, Section 921(a)(3)(A). The methamphetamine seized by the officers was tested by the Missouri State Highway Patrol Crime Laboratory and confirmed to be a mixture or substance containing methamphetamine that weighed more than 50 grams.

### D.  The Plea Hearing.

On August 23, 2017, this Court conducted a plea hearing in this case. Charleston appeared with his attorney. Charleston was sworn and answered questions put to him by the Court. Charleston stated that he was satisfied with the way his attorney handled the case and had no gripes or complaints about him whatsoever. (Plea Tr., p. 4, 5) Charleston stated that he had reviewed the written Plea Agreement and that his attorney had gone over it in detail with him. (Plea Tr., p. 7) Charleston agreed that he understood that his sentence would be influenced by the Sentencing Guideline calculations, but that the eventual sentence would be up to the Court. (Plea Tr., p. 10, 11, 12) Charleston understood that the Court would consider the full range of punishment. (Plea Tr., p. 14, 15)

This Court reviewed the Statement of Facts set out in the parties' written Plea Agreement. Charleston agreed that he committed all the acts set forth in that Statement of Facts. (Plea Tr., pp. 17, 18) This Court then discussed the elements of each offense with Charleston, and he admitted those elements as part of his guilty plea. (Plea Tr., pp. 18, 19).

4

Specifically, this Court inquired,

> "Finally, as to Count III, do you admit that you committed the crime of possession of more than 50 grams of methamphetamine with intent to distribute in Count II and that you knowingly possessed a firearm in furtherance of that crime: Do you admit all that too?"  Charleston responded, "Yes Sir."

### E.  The Presentence Investigation Report.

A Presentence Investigation Report (P.S.R.) was prepared by United States Probation Officer Chelsea N. Sawyer. That report recommended that Charleston's base offense level be set at 24, Pursuant to U.S.S.G., '2D1.1(a)(5) due to the drug quantity involved in the case for Count I. Counts I and II are grouped together for guideline calculation purposes. When counts are grouped together pursuant to USSG '3D1.2(a)-(c), the highest level of the counts in the group is used. Thus, the Total Offense Level for Count Group I recommend by the P.S.R. came to 21. Count III did not have any offense levels, but carried a mandatory minimum term of imprisonment of five years, however, no term imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person.

The P.S.R. recommended a Sentencing Guideline range of 61 to 71 months for Count Group I and 60 months for Count III.

No objections were filed to the P.S.R. by either party.

5

**F.  Sentencing Hearing.**

On November 21, 2017, this Court conducted a sentencing hearing and Charleston was sentenced to a mandatory minimum imprisonment term of 120 months. This term consists of a term of 60 months on each of Counts I and III to be served concurrently and a term of 60 months on Count III to be served consecutively.

**G.  The Appeal.**

Charleston appealed his conviction and sentence in Case Number 17-3623. Counsel for Charleston filed an *Anders* brief, asserting that there were no grounds for appeal. In that brief, Charleston characterized his sentence as unreasonable, and specifically, that his 60-month sentence as to Count III should not have been ordered to run consecutive to Counts I and II. The Eighth Circuit affirmed the sentence imposed by the District Court in its opinion dated August 31, 2018. In that opinion, the Eighth Circuit rejected Charleston's argument that the sentence for Count III was improperly imposed as a consecutive sentence and rejected Charleston's argument that his sentence was unreasonable. Significantly, Charleston did not raise any issue as to the sufficiency of the facts set out in his plea agreement to support his conviction on Count III for Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

**H.  Petition for Post-Conviction Relief Pursuant to '2255.**

On June 3, 2019, Charleston filed his Petition under 28 U.S.C. '2255, asking that this court set aside Charleston's conviction and sentence. He alleges that the statement of facts set out in his plea agreement was insufficient to support his guilty

plea to Count III, Possession of a Firearm in Furtherance of a Drug Trafficking Crime and that his attorney was ineffective for failing to contest the sufficiency of the facts.

## DISCUSSION

Charleston does not set out any error committed by his attorney that should result in his conviction being vacated. Again, Charleston asserts that he was denied his constitutional right to effective assistance of counsel because his counsel advised him to plead guilty even though there was an insufficient factual basis for his guilty plea. Charleston bears a heavy burden to establish an ineffective assistance of counsel claim, as counsel is presumed effective. *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir.1995), *cert. denied,* 516 U.S. 1061, 116 S.Ct. 739, 133 L.Ed.2d 689 (1996). In order to succeed on an ineffective assistance of counsel claim, the defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 668, 694, 104 S.Ct. 2052, 2055, 2068, 80 L.Ed.2d 674 (1984). To show that counsel's performance was deficient, the defendant must point out and make clear to this court the specific acts or omissions forming the basis of his claim. *Trevino,* 60 F.3d at 338 (citing *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066). The court then determines whether, under all the circumstances, these alleged acts or omissions were made outside the wide range of professionally competent assistance. *Id.* A reasonably competent attorney considers the facts and legal consequences of the guilty plea and communicates this analysis to the defendant. *United States v. Barnes,* 83 F.3d 934, 939 (7th Cir.), *cert. denied,* 519 U.S. 857, 117 S.Ct. 156, 136 L.Ed.2d 101 (1996). To demonstrate the *Strickland* prejudice

prong in the context of a guilty plea, the defendant must show there was a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

In this case, Charleston claims that the simultaneous constructive possession of drugs and firearms is, by itself, insufficient to sustain a conviction for possession a firearm in furtherance of drug trafficking activity. (Charleston's Petition and Memo, DCD 1, p. 18) To be sure, in order to obtain a conviction for possession of a firearm in furtherance of a drug trafficking crime, the government must prove a nexus between the possession of the firearm and the underlying drug crime. *U.S. v. Kent*, 531 F.3d 642, 652 (8th Cir. 2008). Specifically, the jury may infer that a firearm was used in furtherance of a drug crime when it is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking. *Id.* Here, the firearm was found in the bedroom dresser drawer of the defendant, thus it was in close proximity to the drugs and quickly accessible. The "furtherance of" requirement for offense of possession of a firearm in furtherance of a drug trafficking crime is not a factual requirement that the firearm advance the crime, but rather a requirement that the person possess the gun with the intent of advancing the crime. *Id.* at 645.

Nonetheless, Charleston contends that his attorney was ineffective by the following:

> Movant avers that his guilty plea was made unintelligently do (sic) to trial/appellate counsel's misrepresentations and lack thereof legal knowledge, skill, thoroughness and preparation

8

> of all the relevant standards and legal defenses based on the facts of the case.

(Charleston's Petition and Memo, DCD 1, p. 19)

However, Charleston does not set out what those "misrepresentations" were, nor does he set out in what areas that his counsel failed, except to complain about a lack of raising this issue on appeal. Charleston's petition is completely lacking in specifics as to what advice that his attorney provided that was incorrect or not in Charleston's best interests. Charleston's complaint that his attorney failed to raise a sufficiency question on appeal simply ignores the fact that the statement of facts was sufficient, as a matter of law. Finally, Charleston's express admission at the plea hearing that he did in fact possess the firearm in furtherance of a drug trafficking crime is fatal to his claim.

## CONCLUSION

For the foregoing reasons, this Court denies Charleston's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Barnes has not made a substantial showing of the denial of a federal constitutional right.

Dated this 17th day of August, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE